IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **MR. GATTI'S, LP,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:15-CV-687-L** |
| § | |
| **MR. G'S PIZZA BUFFET**, a Texas § | |
| Company; **and PORFIRIO MARTINEZ,** § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment, filed May 29, 2015. After careful consideration of the motion, appendix, record, and applicable law, the court **grants** Mr. Gatti's, LP's Motion for Default Judgment.

### I.     Background

Mr. Gatti's LP ("Plaintiff" or "Mr. Gatti's") filed Plaintiff's Original Complaint ("Complaint") on March 2, 2015, against Mr. G's Pizza Buffet and Porfirio Martinez ("Defendants"). This is an action for trademark infringement, trademark dilution, and unfair competition under the United States Trademark (Lanham) Act 15 U.S.C. §§ 1051 *et seq.*; trademark dilution under the Texas Business and Commerce Code § 16.103; and trademark infringement, unfair competition, and unjust enrichment under Texas common law.

Mr. Gatti's has invested significantly in its business, as well as its branding, and enjoys widespread consumer success. This lawsuit is brought to stop Defendants' alleged infringement of valuable intellectual property rights, including trademarks relating to Plaintiff's business and its restaurants, and from passing off Defendants' operations as those of Plaintiff, including engaging

**Memorandum Opinion and Order – Page 1**

in activities likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person.

Defendants were served with a copy of the summons and Complaint on March 6, 2015. Defendants were required to answer or otherwise respond to the Complaint by March 27, 2015, 21 days after service of the summons and Complaint. *See* Fed. R. Civ. P. 12. To this date, Defendants have not answered or otherwise responded to the Complaint.

On May 29, 2015, Mr. Gatti's requested the clerk of court to enter a default against Defendants, and the clerk entered default against Defendants the same day. Plaintiff now requests the court to enter a default judgment against Defendants as a result of its default.

**II.    Discussion**

A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law. Fed. R. Civ. P. 55(a). Under Rule 55(a), a default must be entered before the court may enter a default judgment. *Id.*; *New York Life Ins. Co. v. Padilla*, 84 F.3d 137, 141 (5th Cir. 1996). The clerk of court has entered a default against Defendants. The court also finds, based upon the information in the record, that Defendants are not minors, incompetent persons, or members of the United States military.

Defendants, by failing to answer or otherwise respond to Plaintiff's Complaint, have admitted the well-pleaded allegations of the Complaint and is precluded from contesting the established facts on appeal. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citations omitted). Based on the well-pleaded allegations of Plaintiff's Complaint, which the court accepts as true, and the record in this action, the court determines that Defendants have violated the provisions, as previously stated, of the Lanham Act and the Texas Business and

Commerce Code; and violated the Texas common law regarding trademark infringement, unfair competition, and unjust enrichment. Plaintiff is entitled to damages for these violations.

        B.      Damages and Other Relief

Although the court holds that Plaintiff is entitled to damages, the amount of damages cannot be determined at this time. Mr. Gatti's has indicated that a hearing may be necessary to determine the extent of its damages. The court agrees. As Plaintiff has not set forth the extent of its damages or other relief to which it may be entitled, an award of damages and other relief is premature at this juncture.

**III.**    **Conclusion**

For the reasons herein stated, the court **grants** the Mr. Gatti's' Motion for Default Judgment as to liability, and Plaintiff is entitled to and shall recover from Defendants Mr. G's Pizza Buffet and Porfirio Martinez in an amount to be later determined, as well as other relief to which it may be entitled. Once the court has determined the amount of damages and other relief, if any, to which Plaintiff is entitled, the court will issue a final judgment. The court sets this matter for hearing on **April 13, 2016, at 9:00 a.m.**

    **It is so ordered** this 29th day of February, 2016.

                                                 _____
                                                Sam A. Lindsay
                                                United States District Judge